THE PEOPLE *ex rel.* Harry R. Smith, County Collector, Appellee, *vs.* THE CHICAGO, INDIANA AND SOUTHERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

TAXES—*the amendment of 1911 authorizes an additional tax to repair roads and bridges.* The amendment, in 1911, of section 14 of the Roads and Bridges act authorizes an additional tax levy for the purpose of repairing roads and bridges, provided the commissioners of highways certify the reason for the additional levy and the board of town auditors and the assessor consent thereto.

APPEAL from the County Court of Bureau county; the Hon. BRADFORD F. THOMPSON, Judge, presiding.

GLENNON, CARY, WALKER & HOWE, and WATTS A. & CAREY R. JOHNSON, for appellant.

L. M. ECKERT, State's Attorney, for appellee.

Per CURIAM: This is an appeal by the Chicago, Indiana and Southern Railroad Company from a judgment of the county court of Bureau county overruling appel-

lant's objections to the additional road and bridge taxes levied in the towns of Leepertown, Berlin and Selby and entering judgment and an order of sale for said taxes. In the town of Leepertown the commissioners of highways certified that a greater levy was needed than could be provided for by thirty-six cents on each $100 valuation, for the reasons "that flood and high water has washed out bridges and gravel pikes and roads in said town, making it necessary to construct new concrete bridges and repair and re-gravel grades, pikes and roads in various places in said town." In the town of Selby the reasons assigned in the certificate of the highway commissioners for the additional levy were, "repairing wash-outs on the DePue and Princeton road and repairing worn out gravel roads." In the town of Berlin the reasons stated for the additional levy were, "for new bridges and repairing roads and bridges." In each of these towns the highway commissioners obtained the consent of the board of town auditors and the assessor to such additional levies, which consent was given in writing and recited the reasons stated in the certificates of the respective boards of highway commissioners. The objection interposed to these several additional levies is, that the reasons stated in the certificates were not sufficient to justify the additional levy under section 14, as the same was amended in 1911. The precise question involved in this case has already had the consideration of the court in several cases at the present term, and the conclusions reached in all those cases are contrary to the contention of appellant in this case. For the reasons given in *People* v. *DeKalb and Great Western Railroad Co.* (*ante,* p. 290,) *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 286,) and *People* v. *Wabash Railroad Co.* (*ante,* p. 394,) the judgment of the county court of Bureau county is affirmed.

*Judgment affirmed.*